UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD THOMAS,

                Plaintiff,

    - against -

LIEUTENANT DECASTRO, *et al.*,

              Defendants.

7:14-cv-06409-KMK-LMS

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Protective Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other persons with actual or constructive notice of this Protective Order — shall adhere to the following terms, upon pain of contempt:

1.    DEFINITIONS

    1.1    <u>Challenging Party</u>: A party or non-party that challenges the designation of information or items under this Protective Order.

    1.2    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Information and/or items may be designated as "CONFIDENTIAL" only if, in the good faith belief of the designating party and its counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

    1.3    <u>"CONFIDENTIAL – FOR COUNSEL ONLY" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c). Information and/or items may be designated as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good-faith belief of such party and its counsel, (i) such information contains or discloses highly sensitive personal, financial or business information or information related to correctional security that has not been made publicly available and that the designating person believes in good faith would put the party or non-party producing such information at a material disadvantage if such information were disclosed to one or more parties to whom such information is produced, or (ii) such materials have previously been protected from public disclosure.

    1.4    <u>Designating Party</u>: A party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    1.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    1.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

    1.7    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    1.8    <u>Producing Party</u>: A party or non-party that produces Disclosure or Discovery Material in this action.

1.9 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.10 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

1.11 <u>Receiving Party</u>: A party that receives Disclosure or Discovery Material from a Producing Party.

2. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.  DESIGNATING PROTECTED MATERIAL

4.1  Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  All transcripts of depositions taken in this action will be treated as "CONFIDENTIAL – FOR COUNSEL ONLY" in their entirety for thirty (30) days after a full and final copy of the deposition transcript is provided to adverse counsel by the party taking the

deposition. During that thirty (30) day period, either party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any portion of the transcript, by page and line, and any deposition exhibits related to Protected Material as described herein, and such designation must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

4.2 Inadvertent Failures to Designate. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Producing Party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the Receiving Party as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" from the time the Receiving Party is notified of the change in designation.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Timing of Challenges. Any party or non-party shall challenge a designation of confidentiality by serving a written objection to such designation within sixty (60) calendar days.

5.2 Procedure for Challenges. In the event that any party objects to a designation of confidentiality, the Challenging Party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for the challenge. The Designating Party shall respond in writing to such objection within ten (10) calendar days and shall state with particularity the grounds for asserting that the document or information is confidential. Upon the Designating Party's response to such objection, counsel shall then confer in good faith in an effort to resolve the dispute. Should

5

the Challenging Party be unable informally to resolve such dispute with the Designating Party, then the Challenging Party may in that event submit the dispute to the Court for resolution. Any unresolved disputes shall be submitted to the Court pursuant to its procedures for resolving discovery disputes. The documents or information shall retain their confidentiality designation until said dispute is resolved by the Court. Nothing contained herein shall be deemed to waive or otherwise limit the right of any party to appeal from, or seek review of, the determination by the Court of any such dispute. If the Court orders that any documents or information should not be so designated, said documents or information shall nevertheless continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" provided that the producing party files an appeal from such Order within fourteen (14) days, and such designation shall remain in effect until the final determination of such appeal.

6. ACCESS AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2 Disclosure of "CONFIDENTIAL – FOR COUNSEL ONLY" Information and Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

6

Receiving Party may disclose any information or item designated "CONFIDENTIAL – FOR COUNSEL ONLY" only to:

    (a)    the Receiving Party's Outside counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed an "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A;

    (b)    individual employees of DOCCS or OMH, to the extent that such individual employees would have access to the Protected Material as part of their employment with DOCCS or OMH;

    (c)    the Court and its personnel; and

    (d)    any Court reporter employed in this litigation and acting in that capacity.

6.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the individuals identified in Section 6.2, and to the additional individuals listed below:

    (a)    a named party or an officer, director, or employee of a named party to whom disclosure is reasonably necessary for this litigation and has signed the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A;

    (b)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A;

    (c)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

who have signed the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A;

(d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound " in the form attached hereto as Exhibit A," unless another exception is applicable or unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A.

8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Parties disclosed it before being notified; and may promptly present

the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

9. MISCELLANEOUS

9.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

9.2 Right to Assert Other Objections. Nothing herein shall be deemed to waive any applicable objections to disclosure. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing Protected Material. In the event that a party intends to file with the Court any papers that attach or enclose documents containing Protected Material produced pursuant to this Protective Order or that contain Protected Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the Designating Party's designation and pursuant to the Court's instructions for filing documents under seal. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Protected Material, or reference thereto, and does not redact text that in no material way reveals the Protected Material.

Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents must be labeled "File under seal" (pursuant to the Individual Rules of Practice of Judge Karas and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York) and shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains information designated "CONFIDENTIAL"
> or "CONFIDENTIAL – FOR COUNSEL ONLY." The envelope

    shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

9.4 Protected Material shall not be disclosed in open court without first affording the Designating Party an opportunity to contest the disclosure and/or admissibility of the Protected Material.

9.5 Protected Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties, the parties' counsel, or Outside Counsel of Record, provided, however, that, in the event that the parties, the parties' counsel, or Outside Counsel of Record intend to produce documents containing Protected Material or that contain Protected Material obtained from such documents in response to such order, they shall serve notice of such order upon counsel for Plaintiff and counsel for Defendant, identifying with particularity the Protected Material it intends to produce, not less than ten (10) business days prior to the production thereof, to give all parties the opportunity to seek a protective order against such production.

10. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3.

Dated: New York, New York
December 10, 2019

| | |
|---|---|
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP | NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL |
| By: *[signature]* <br> Lawrence Gerschwer <br> Adam Y. Yefet | By: *[signature]* <br> Brendan M. Horan <br> *Assistant Attorney General* |
| One New York Plaza <br> New York, New York 10004-1980 <br> (212) 859-8000 <br> lawrence.gerschwer@friedfrank.com <br> adam.yefet@friedfrank.com | 28 Liberty Street <br> New York, New York 10005 <br> (212) 416-8973 <br> brendan.horan@ag.ny.gov |
| *Attorneys for Plaintiff Bernard Thomas* | *Attorneys for Defendant Lieutenant John DeCastro* |

SO ORDERED:

December 11, 2019

*[signature]*
Hon. Lisa M. Smith, U.S.M.J.

## **EXHIBIT A**

### Acknowledgment and Agreement to Be Bound

I, _____ [print or type full name], of _____ [print or type name of company], declare under penalty of perjury that I have read in its entirety and understand the annexed Protective Order that was issued in the case titled *Thomas v. DeCastro, et al.*, Case No. 7:14-cv-06409-KMK-LMS. I agree to comply with and be bound by all the terms of this Protective Order. I agree that I will not use or disclose in any manner any information designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," disclosed to me pursuant to the Protective Order, except in strict compliance with the provisions of the Protective Order.

Dated: _____

City and State: _____

Printed Name: _____

Signature: _____

20605035